UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


HUEY P. GARDNER                                CIVIL ACTION NO. 13-cv-0582

VERSUS                                         JUDGE HICKS

LOUISIANA STATE UNIVERSITY                     MAGISTRATE JUDGE HORNSBY
SHREVEPORT, ET AL


### REPORT AND RECOMMENDATION

Huey P. Gardner ("Plaintiff"), who is self-represented, filed this civil rights action

against LSU-S campus policeman Glyn Best, Officer Leonard Bonnette, and the Board of

Supervisors for the LSU system.  Plaintiff alleges that Officer Best arrested him for merely

being on campus and charged him with criminal trespassing and resisting an officer.  Plaintiff

does not explain the criminal proceedings, but he says the "conviction in this case has been

vacated."  Plaintiff asserts claims for false arrest, false imprisonment, defamation, illegal

search, intentional infliction of emotional distress, and malicious prosecution.  He requests

$5,000,000 in damages, plus $10,000,000 in punitive damages, and additional damages of

$250,000 per year for 28 years with a life contingent annuity.

Plaintiff is proceeding in forma pauperis.  In pauper cases, the district court shall

dismiss the case at any time if it determines that the complaint is frivolous or malicious, fails

to state a claim on which relief may be granted, or seeks monetary relief against a defendant

who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Where it is clear from the face of

a complaint filed in forma pauperis that the claims asserted are barred by the statute of

limitations, the claims are properly dismissed pursuant to Section 1915.  Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993).  The statute of limitations for Plaintiff's Section 1983 claims of constitutional violations is borrowed from Louisiana's one-year tort prescriptive period.  Elzy v. Roberson, 868 F.2d 793 (5th Cir. 1989).  His state law tort claims are, of course, governed by the same rule.

Plaintiff's federal claims accrued when he knew or had reason to know of the injury which is the basis of the action.  Lavellee v. Listi, 611 F.2d 1129, 1130-31 (5th Cir. 1980). For false arrest and false imprisonment claims, the limitations period accrues when the plaintiff becomes held pursuant to legal process, such as when he is bound over by a magistrate or arraigned on charges.  Wallace v. Kato, 127 S.Ct. 1091 (2007).  A malicious prosecution claim, on the other hand, does not accrue until the criminal charges have been dismissed or resolved in favor of the accused.  Heck v. Humphrey, 114 S.Ct. 2364 (1994); Murray v. Town of Mansura, 940 So.2d 832, 838 (La. App. 3rd Cir. 2006).

Plaintiff alleges in his original complaint that he was incarcerated from November 4, 2011 until November 6, 2011 and "these offenses were committed ... from November 4, 2011 through February 11, 2012."  The latest date on which Plaintiff alleges any wrongful activity is February 11, 2012, but he did not file this complaint until more than one year later on March 14, 2013.  His Section 1983 and state law claims are, therefore, untimely.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** on the grounds that his claims are untimely.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of April, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE